## STATUTORY LIABILITY OF STOCKHOLDERS.

Common Pleas Court of Hamilton County.

ELLSWORTH C. IRVINE, AS RECEIVER, ETC., v. EDGAR M. JOHNSON
AND FREDERICK L. JOHNSON, EXECUTORS, ET AL.

Decided, October Term, 1916.

*Receivers—Limited to Terms of the Judgment in the Original Suit—
Where Appointed for Collection of Statutory Liability from Stock-
holders.*

In a suit by a receiver appointed in an action brought by creditors
to recover double statutory liability from stockholders, the re-
ceiver is limited by the terms of the judgment in the parent
suit, and where the judgment is in part against executors in
their representative capacity, a petition seeking to recover from
them as individuals is open to demurrer.

*F. C. Rector, T. E. Powell, Stewart & Stewart, Lewis N.
Gatch* and *Tedy M. McLaughlin,* for plaintiff.
*Simeon M. Johnson,* contra.

MAY, J.

This is a demurrer to the amended petition filed on March
30, 1916.

At the January, 1916, term of this court I sustained a de-
murrer of Edgar M. Johnson and Frederick L. Johnson, execu-
tors of the estate of Edgar M. Johnson, deceased, to the petition
as originally filed for the reason that, the petition did not state
a cause of action against said executors. In conformity with
that ruling plaintiff filed his amended petition in March, 1915,
in which he seeks to hold 'Edgar M. Johnson and Frederick L.
Johnson individually, and I am of the opinion that the demurrer
filed by these defendants individually should be sustained for
the reason that it does not set up a cause of action against them
as individuals.

A demurrer searches the whole record, and an examination
of the original petition discloses the fact that the plaintiff in this
suit was appointed receiver in the case of Marriott, plaintiff,
against the Columbus, Sandusky & Hocking Railroad Company

to collect the statutory liability of stockholders as found due and assessed in that action. That original petition also discloses the fact that in that parent suit the estate of Edgar M. Johnson was held liable as a stockholder, and the court in that case ascertained the amount due from such estate and from the defendants, Edgar M. Johnson and Frederick L. Johnson, executors of Edgar M. Johnson, deceased, and there nowhere appears in such petition that Edgar M. Johnson and Frederick L. Johnson held such stocks as individuals; nor was there any finding or decree or judgment against them as individuals.

It is now sought by the plaintiff in the present action to hold Edgar M. Johnson and Frederick L. Johnson individually, upon the theory that where a person contracts as executor, trustee or agent, he may be held individually upon such contract. There is no doubt that this is a correct statement of the law, but it is inapplicable to the present state of facts, for the reason that in the parent suit no effort was made to hold Edgar M. Johnson and Frederick L. Johnson as individuals, but on the contrary the plaintiffs in that suit sought to charge them in their representative capacity as executors. Having elected to do that, they are now estopped, in my opinion, from proceeding against Edgar M. Johnson and Frederick L. Johnson as individuals.

This is settled in the well considered case of *Fleischmann* v. *Shoemaker*, 2 C. C., 152 at 161, where the court says:

"Having a right then to seek to charge the executors in their representative capacity, and having elected to do so in this case, and having failed to show any right to recover against them as such, is there any principle of law which authorizes the plaintiff to wholly change his ground and ask to recover against the defendants as individuals? We think not."

The plaintiff contends that unless he is permitted to proceed against Edgar M. Johnson and Frederick L. Johnson individually, all the creditors will suffer in that the full amount to be recovered as statutory liability for their benefit will not be collected. The court has nothing to do with this matter for the reason that in the parent suit the creditors should have elected whether they would proceed against Edgar M. Johnson and Frederick L. Johnson as individuals or in their representative

capacity. Having elected to do the latter they can not complain now.

Being of the opinion that in a suit by a receiver appointed in an action brought by creditors to recover the double statutory liability against stockholders such receiver is limited by the terms of the judgment in the parent suit; and as it appears from the record in this case that there is no judgment against Edgar M. Johnson and Frederick L. Johnson as individuals, but only in their representative capacity, the amended petition states no cause of action against them as individuals and their demurrer will be sustained.